| 11 WEST 42ND STREET, SUITE 900 | **TISDALE** | 10 SPRUCE STREET |
|---|---|---|
| NEW YORK, NY 10036 | **LAW OFFICES, LLC** | SOUTHPORT, CT 06890 |
| (212) 354-0025 | | (203) 254-8474 |
| FAX: (212) 869-0067 | | FAX: (203) 254-1641 |
| TL@TISDALE-LAW.COM | | WWW.TISDALE-LAW.COM |

**MEMO ENDORSED**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/08
```

February 14, 2008

*Via Facsimile 212 805 7949*
Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2260
New York, NY 10007

Re:   Sidernavi S.P.A. v. Fast Shipping & Trading
      Docket number: 07 cv 6773 (PKC)
      Our file: 07-99-1721

Dear Honorable Sir:

We are attorneys for the Plaintiff in this admiralty action brought pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure. We write pursuant to your Honor's Order on February 6, 2008 instructing us to state why we have not served the Defendant with process for over six months. Because I do not fully understand the Court's Order on this point, my response may be over inclusive.

As Your Honor may recall, this action is a Rule B maritime action wherein an *ex parte* Order authorizing the issuance of a Writ of Maritime Attachment and Garnishment ("Writ") was issued by the Court on July 30, 2007. The Court's Order permits restraint of Defendant's property in the hands of garnishee banks located within the Southern District of New York. The Writ and Order were personally served on each garnishee bank identified in the Writ on the same day it was issued. In addition, we continue to serve process on the garnishee banks on a daily basis.

We are not required to serve the Defendant with process, however, until the Plaintiff attaches its assets within this District. As of this time, no assets belonging to the Defendant have been restrained pursuant to the Writ. Local Admiralty and Maritime Rule B.2 speaks to this issue. It states:

> In an action where any property of a defendant is attached, the plaintiff shall give prompt notice to the defendant of the attachment. Such

[Handwritten memo endorsement from judge:]

This action was commenced on July 27, 2007. I fully understand that plaintiff desires to keep this action pending indefinitely but a fail to comprehend a principled reason for doing so. What does the fact of plaintiff's success in attaching assets in Madras Marmara [?] before judge Leisure have to do with keeping this case alive? As I understand it, plaintiff believes it could attach some of those funds if they were ever released from the Leisure attachment. That may be true but does not exempt the plaintiff from its obligations under Rule 4(m). If no assets are attached by March 17 or jurisdiction is not otherwise acquired, I will dismiss this action without prejudice. SO ORDERED.

[Signature] USDJ
2-14-08

notice shall be in writing, and may be given by telex, telegram, cable, fax, or other verifiable electronic means.

Because of the *ex parte* nature of the Rule B remedy,[1] and because we have not yet attached any property of the Defendant, we are not yet required to give such notice or serve process on the Defendant.

One primary reason that we continue to serve process daily on the garnishee banks is because there is another Rule B case pending against Fast Shipping & Trading in this district. In that case, *Mardas Marmara v. Fast Shipping & Trading*, 07 CV 00179 (Leisure, J.),[2] the Plaintiff has captured funds that were being transmitted to our client, Sidernavi. In the event that the *Mardas* case is resolved and any or all of the funds currently under attachment are released, Sidernavi will only receive those funds if it still has its Rule B Writ in place. In addition, if Fast Shipping resumes sending any funds through New York banks, Sidernavi would lose its rights to additional security if its Rule B case is dismissed.

For these reasons, we again respectfully request that this case be placed on the Court's suspense calendar. We hope that this satisfies the Court's request. We are available to discuss this matter further with Your Honor or provide additional information at the Court's request.

Respectfully submitted,

Claurisse Campanale-Orozco

dk

---

[1] The attachment remedy that Plaintiff has obtained serves the purposes of allowing a plaintiff to obtain *in personam* jurisdiction over the absent defendant by attaching its property within the District and to provide security for a plaintiff's claim that may be used to satisfy a judgment. *See generally, Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 268 (2d Cir. 2002).

[2] There are two other cases pending in the Southern District against Fast Shipping & Trading are *Stats Investments v. Fast Shipping & Trading*, 07cv06788 (Koeltl) and *Mid Asia v. Fast Shipping & Trading*, 07cv6280 (Rakoff). We are not aware of whether the plaintiffs in those actions have captured any funds.